IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| JAMES KEVIN JESSUP, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | 1:13CV607 |
| | ) | |
| FAYE DANIELS, | ) | |
| | ) | |
| | ) | |
| Respondent. | ) | |

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

Petitioner, a prisoner of the State of North Carolina, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Docket Entry 1.) Respondent has filed an Answer (Docket Entry 5) and a Motion for Summary Judgment (Docket Entry 6). Petitioner was notified (Docket Entry 9) of his right to reply and warned of the potential consequences of failing to do so. Petitioner then filed a "Motion to Dismiss Petition for Writ of Habeas Corpus" (Docket Entry 10), which Respondent opposed by filing a Response (Docket Entry 11).

### Background

On September 15, 2008 Petitioner was convicted after a jury trial in Superior Court, Forsyth County of first-degree murder, robbery with a dangerous weapon, and two counts of larceny of a firearm, in cases 06 CRS 59076 and 59078-82. (Docket Entry 1, §§ 1-6.) He was sentenced to life imprisonment without parole. (*Id.* § 3.) The North Carolina Court of Appeals found no error in Petitioner's criminal judgment on March 16, 2010. *State v. Clodfelter & Jessup*, 203 N.C. App. 60, 691 S.E.2d 22 (March 16, 2010), *review denied and appeal*

*dismissed*, 364 N.C. 437, 702 S.E.2d 496 (Oct. 7, 2010). Petitioner filed a petition for discretionary review, and a notice of appeal, in the Supreme Court of North Carolina, which were denied and dismissed, respectively, on October 7, 2010. (*Id.*) On October 10, 2011, Petitioner filed a motion for appropriate relief ("MAR") in Superior Court, Forsyth County, which was denied on July 17, 2012. (Docket Entry 8, Exs. 8-9.) On October 19, 2012, Petitioner filed a petition for writ of certiorari in the North Carolina Court of Appeals, seeking review of the denial of his MAR, and it was denied on November 1, 2012. (*Id.*, Exs. 11-12.) Petitioner filed a second MAR in Superior Court, Forsyth County on May 16, 2013, which was denied on June 4, 2013. (*Id.*, Exs. 13-14.) The instant Petition was signed and dated as of July 12, 2013 and filed on July 23, 2013. (Docket Entry 1.)[1]

## Petitioner's Claims

Petitioner raises four claims, all of which allege violations of his Fourteenth Amendment right of due process, because: (1) the trial court partially redacted a statement without a limiting instruction, (2) the trial court allowed an insufficiently redacted statement of a co-defendant to be used at a joint trial, (3) the trial judge failed to disqualify himself due to personal and families ties, and (4) the prosecutor failed to prove beyond a reasonable doubt each element of first-degree murder and the trial court failed to instruct the jury on the elements of the offense. (*Id.* § 12.)

---

[1] Under Rule 3(d) of the Rules Governing Section 2254 Cases in United States District Courts, the Court deems the instant Petition filed on July 12, 2013, the date Petitioner signed the Petition (under penalty of perjury) as submitted to prison authorities. (Docket Entry 1 at 14.)

## Discussion

Respondent requests dismissal on the ground that the Petition was filed beyond the one-year limitation period imposed by 28 U.S.C. § 2244(d)(1) and argues, in the alternative, that Petitioner's claims lack merit. (Docket Entry 8 at 5-12.) In order to assess Respondent's limitation argument, the Court first must determine when Petitioner's one-year period to file his § 2254 petition commenced. In this regard, the United States Court of Appeals for the Fourth Circuit has explained that:

> Under § 2244(d)(1)(A)-(D), the one-year limitation period *begins to run from* the latest of several potential starting dates:
>
> (A) *the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;*
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

*Green v. Johnson*, 515 F.3d 290, 303-04 (4th Cir. 2008) (emphasis added). The record does not reveal any basis for concluding that subparagraphs (B)-(D) of § 2244(d)(1) apply here.

Under subparagraph (A), Petitioner's one-year limitation period commenced on "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). The Court must

therefore ascertain when direct review (or the time for seeking direct review) of Petitioner's underlying conviction(s) ended. Here, the North Carolina Court of Appeals affirmed Petitioner's criminal convictions on March 16, 2010. Petitioner's convictions thus became final on Wednesday, January 5, 2011, 90 days after the October 7, 2010 decision of the Supreme Court of North Carolina denying Petitioner's petition for discretionary review and dismissing his notice of appeal. *See Clay v. United States*, 537 U.S. 522, 527, 123 S.Ct. 1072, 1076 (2003) (holding that "[f]inality attaches when this Court affirms a conviction on the merits on direct review or denies a petition for a writ of certiorari, or when the time for filing a certiorari petition expires." (internal citations omitted)); *see also* Sup. Ct. R. 13.1 (allowing petitioners 90 days after highest state appellate court's denial to file for writ of certiorari).

Petitioner's year to file thus began to run on January 5, 2011 and ran for 278 days until he filed his first MAR on October 10, 2011. *See* 28 U.S.C. § 2244(d)(2) ("The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.") The limitation period resumed on November 1, 2012 (the day the North Carolina Court of Appeals denied Petitioner's petition for writ of certiorari seeking review of the superior court's denial of his MAR) and expired eighty-seven days later on Monday, January 28, 2013. *See id.* Because Petitioner filed his federal habeas Petition on July 12, 2013, it is almost six months late. Petitioner's second MAR, filed on May 16, 2013 was not sufficient to toll the one-year limitations period. This is because state filings made after the federal limitations period has passed do not restart or revive the filing period. *See Minter v. Beck*, 230 F.3d 663, 665 (4th Cir. 2000).

4

Petitioner does not dispute the foregoing time-line, which is essentially consistent with the position set forth in Respondent's Motion for Summary Judgment. (Docket Entry 6 at 5-12.) The United States Supreme Court has recognized that the doctrine of equitable tolling applies to the time bar set forth in Section 2244. *See Holland v. Florida*, 560 U.S. 631, 648, 130 S.Ct. 2549, 2562 (2010). Equitable tolling may excuse an otherwise untimely filing when a petitioner "shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Id.* (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418, 125 S.Ct. 1807 (2005)). However, Petitioner has not made any such argument and none is apparent on the face of the pleadings.

Instead, rather than oppose Petitioner's Motion for Summary Judgment (Docket Entry 6), Petitioner has filed a half-page "Motion to Dismiss Petition for Writ of Habeas Corpus." In it, Petitioner states, "[a]fter further review Petitioner agrees with Respondent that he has not exhausted all claims in State Court as required and now wishes to voluntarily dismiss his Habeas Petition until further notice." (Docket Entry 10.) Rule 41 of the Federal Rules of Civil Procedure does provide for voluntary dismissal under certain circumstances. *See* Fed. R. Civ. P. 41(a). And, in general, the Rules Governing Section 2254 Cases apply to cases brought under Section 2254. *See* Rule 1(a), Rules Governing Sect. 2254 Cases. However, "[t]he Federal Rules of Civil Procedure, to the extent that they are not inconsistent with any statutory provisions or [the Rules Governing Section 2254 Cases], may be applied to a proceeding under [the Rules Governing Section 2254 Cases]." Rule 12, Rules

Governing Sect. 2254 Cases. Numerous courts have treated Rule 41 as applicable to actions under Section 2254 and denied voluntary dismissal under similar circumstances.[2]

More specifically, Rule 41(a)(1) provides that a plaintiff may voluntarily dismiss an action without a court order by filing a notice of dismissal before the opposing party files an answer or a motion for summary judgment or if the parties have stipulated to the dismissal in writing. Rule 41(a)(1) is not applicable here however. This is because Respondent has filed both an Answer (Docket Entry 5) and a Motion for Summary Judgment (Docket Entry 6) and, as demonstrated in her Response (Docket Entry 11) to the Motion to Dismiss (Docket Entry 10), Respondent is unwilling to stipulate to a dismissal in writing.

But this does not end the analysis. Rule 41(a)(2) states that, except as provided in Rule 41(a)(1), an action may be dismissed at the plaintiff's request only by court order. "Since Rule 41(a)(2) only applies when an answer or a motion for summary judgment has been filed by the defendants, the mere filing of an answer or a motion for summary

---

[2] *See, e.g., Gambrell v. Bazzle*, Civil Action No. 9:07-cv-00172-RBH, 2008 WL 269505, * 4–5 (D.S.C. April 29, 2009) (unpublished) (denying the petitioner's motion for voluntary dismissal where federal habeas petitioner was clearly time-barred); *Black v. Parsons*, 3:12–CV–286–RJC, 2013 WL 566856, at *3 (W.D.N.C. Feb. 13, 2013) (unpublished) (same); *Fountain v. Forniss*, No. 3:12–cv–02477–JHH–JEO, 2013 WL 360261, *2 (N.D. Ala. Jan. 25, 2013) (unpublished) (concluding that denial of the petitioner's motion to voluntarily withdraw a time-barred federal habeas petition was proper because respondent "demonstrated the absence of any right to further review" and because "[t]o permit a dismissal without prejudice is not fair to the respondents or justified under the circumstances"); *Fuewell v. Cartledge*, Civil Action No. 4:11–cv–02757–RBH, 2012 WL 3260322, at *3 (D.S.C. Aug. 8, 2012) (unpublished) ("Petitioner's [federal habeas] petition is untimely. Granting Petitioner's motion to dismiss without prejudice would allow him to avoid summary judgment on the question of untimeliness and delay the inevitable. Respondent's fifty-one-page motion for summary judgment shows a considerable effort in responding to the claims asserted in his petition, and Petitioner waited nearly two-months after the motion to make his motion to dismiss. The petition is untimely now, and it will remain untimely if it is dismissed without prejudice. The issue must be decided with finality, a significant policy behind the federal habeas statute of limitations.") *quoting Williams v. Taylor*, 529 U.S. 420, 436, 120 S.Ct. 1479, 1490 (2000) ("[The Antiterrorism and Effective Death Penalty Act's] purpose [is] to further the principles of comity, *finality*, and federalism.").

judgment could not, without more, be a basis for refusing to dismiss without prejudice." *Andes v. Versant Corp.*, 788 F.2d 1033, 1036 n.4 (4th Cir. 1986). A motion to dismiss without prejudice under Rule 41(a)(2) should not be denied unless "substantial prejudice" is shown. *Id.* at 1036. Also, the "prospect of a second lawsuit" does not necessarily give rise to such prejudice. *Davis v. USX Corp.*, 819 F.2d 1270, 1274 (4th Cir. 1987). In determining whether to grant a motion for dismissal without prejudice under Rule 41(a)(2), a court should consider the following factors: "(1) the opposing party's effort and expense in preparing for trial; (2) excessive delay or lack of diligence on the part of the movant; (3) insufficient explanation of the need for a dismissal; and (4) the present stage of litigation." *Hobbs v. Kroger Co.*, No. 98–1831, 1999 WL 156045, at *1 (4th Cir. March 23, 1999). "These factors are not exclusive, however, and any other relevant factors should be considered by the district court depending on the circumstances of the case." *Id.*

In the present case, the undersigned is of the opinion that the relevant factors pertinent to this proceeding weigh against the granting of Petitioner's motion. In reaching this conclusion, the undersigned has treated no single factor as dispositive, but has instead considered them in totality. Factors one, two, and four can be dispensed with relatively quickly, while factor three requires deeper consideration.

First, regarding the expense associated with the proceeding, the Respondent has already expended time and expense in reviewing the case, preparing an Answer (Docket Entry 5), a Motion for Summary Judgment (Docket Entry 6), and a twenty-eight-page Brief (Docket Entry 8). Respondent has also assembled seventeen exhibits in support of its Motion for Summary Judgment (Docket Entry 6), including a lengthy trial transcript.

(Docket Entry 8, Exs. 1-17.) Nevertheless, there has been no discovery in this case. Consequently, this factor tips in Respondent's favor, though only somewhat. As to factor two, the diligence of the movant, Petitioner filed his Petition (Docket Entry 1) in July 2013, Respondent filed his Answer (Docket Entry 5) and Motion for Summary Judgment (Docket Entry 6) in September, and Petitioner moved to dismiss the instant action in October (Docket Entry 10.) Consequently, Petitioner has been reasonably diligent in moving to withdraw his action. Nevertheless, as explained, Petitioner is roughly six months out of time pursuant to the AEDPA's period of limitations and thus has not been diligent in this regard. This factor therefore also tips in Respondent's favor.[3] As to the fourth factor, the stage of litigation, Respondent did have a dispositive motion (the Motion for Summary Judgment) pending at the time Petitioner filed the present motion to dismiss. This factor also tips in Respondent's favor.

As to factor three, it also tips in Respondent's favor, because Petitioner has failed to show a sufficient explanation for voluntary dismissal without prejudice. As noted, Petitioner's explanation amounts to a single sentence: "After further review Petitioner agrees with Respondent that he has not exhausted all claims in State Court as required and now wishes to voluntarily dismiss his Habeas Petition until further notice." (Docket Entry 10.) It is not entirely clear what Petitioner means by this. Petitioner does not explain which of his claims he has failed to exhaust, nor how he intends to exhaust them. In fact,

---

[3] Petitioner's lack of due diligence in filing his federal habeas petition strikes the undersigned as relevant under this factor, especially given that the Fourth Circuit has counseled that the four factor analysis is not exhaustive and that any additional relevant factor should be considered. However, even if the diligence factor was only limited to the consideration of the timeliness of a motion to voluntarily withdraw, and this factor were to tip in Petitioner's favor, the overall calculus would still not be sufficiently weighty to change the undersigned's overall conclusion reached on this issue.

8

Petitioner does not explicitly assert that he intends to return to state court to pursue any avenues he believes might still be open to him, or even explicitly assert that he seeks dismissal without prejudice, though Respondent presumes that this is Petitioner's intention.

Petitioner's conclusion that some or all of his claims are unexhausted is also inconsistent with his previous position and with Respondent's position. Specifically, Petitioner asserted in his Petition that three out of his four claims were exhausted. (Docket Entry 1, § 12, Grounds One, Two, and Four designated "Claim Exhausted.") Petitioner did not assert one way or the other whether his remaining claim regarding allegations of judicial misconduct was exhausted. Yet, the procedural history Petitioner describes in his Petition amounts to an assertion that his remaining claim was exhausted. This is because Petitioner indicates that this issue was presented in a MAR to the state trial court and that he took the denial of that MAR to the North Carolina Court of Appeals, where it too was denied. (*Id.*, Ground Three (a)-(e).)[4]

Likewise, the notion that Petitioner and Respondent are in agreement on the issue of exhaustion is suspect. Respondent has consistently denied that Petitioner has any remaining state court remedies, asserting that Petitioner's claims are either already exhausted or unexhausted but procedurally barred. (Docket Entries 6 and 11.) Respondent has not argued at any point that this matter should be dismissed without prejudice so that Petitioner may pursue further state court remedies. Thus, Petitioner's implicit assertion that he and Respondent are of one mind regarding his need to return to state court to pursue state court

---

[4] In North Carolina, a petitioner may satisfy the exhaustion requirement of section 2254 by directly appealing his conviction to the North Carolina Court of Appeals and then petitioning the Supreme Court of North Carolina for discretionary review, or by filing a MAR and petitioning the North Carolina Court of Appeals for a writ of certiorari. *See* N.C. Gen. Stat. §§ 7A–27, 7A–31, 15A–1422.

9

remedies is not supported by the pleadings. Moreover, nothing in the pleadings suggests that Petitioner was unable to raise these issues in state court and it is not apparent from the pleadings and exhibits which, if any, state court proceedings remain open to Petitioner. In fact, it appears that further attempts at exhaustion would be futile. And, of particular importance in this case, dismissal without prejudice at this stage would not prevent any of Petitioner's claims from being barred by the statute of limitations. Petitioner's claims are *already* time barred and will remain time-barred.

There are additional points of law to consider. " '[A] motion to voluntarily dismiss under Rule 41(a)(2) should be denied when a plaintiff seeks to circumvent an expected adverse result, and that 'denial of voluntary dismissal is appropriate where summary judgment is imminent.' " *Nesari v. Taylor*, 806 F. Supp. 2d 848 (E.D. Va. 2011) (quoting *Skinner v. First. Am. Bank of Va.*, No. 93–2493, 1995 WL 507264, at *2 (4th Cir. Aug. 28, 1995) (citing *Davis v. USX Corp.*, 819 F.2d at 1274). Also, in determining whether or not a habeas petitioner is entitled to a voluntary dismissal without prejudice, federal courts must "ensure that the petitioner's ability to present claims of constitutional violations is not abridged merely because the petitioner has unwittingly fallen into a procedural trap created by the intricacies of habeas corpus law." *Clark v. Tansy*, 13 F.3d 1407, 1409 (10th Cir. 1993).

Here, Petitioner voluntarily sought to have this Court adjudicate whether the finality of his state judgment should be disturbed through this federal habeas proceeding. The Court ordered the Respondent to file an answer or response to Petitioner's Section 2254 Petition. (Docket Entry 4.) In the Answer (Docket Entry 5) and Motion for Summary Judgment (Docket Entry 6), Respondent, as is her right to do, asserted the affirmative

defense of the statute of limitations. That is, Respondent clearly pressed the rights that are expressly set forth in Section 2244(d)(1)(A) (providing for the one-year statute of limitation running from the date Petitioner's state judgment became final). To dismiss this proceeding in order to further exhaust state remedies (if that is indeed what Petitioner is trying to do) would serve no purpose, because even if Petitioner could return to state court (which seems unlikely, because Petitioner's claims are either already exhausted or subject to the procedural bar), this federal action is already time-barred. This is not an instance of Petitioner falling into a procedural trap generated by the intricacies of habeas law but an attempt to withdraw an action that is—and will remain—time barred. A dismissal without prejudice would also permit Petitioner to avoid an imminent dismissal with prejudice in a case he initiated and—if Petitioner raises these issues in a second habeas petition—force Respondent to defend against a clearly time-barred claim a second time. The better course here is to deny Petitioner's Motion to Dismiss. (Docket Entry 10.) *See, e.g., Black*, 2013 WL 566856, at *3; *Fountain*, 2013 WL 360261; *Fuewell*, 2012 WL 3260322, at *3; *Gambrell*, 2008 WL 269505, * 4–5.

**IT IS THEREFORE RECOMMENDED** that Petitioner's Motion to Voluntarily Dismiss (Docket Entry 10) be **DENIED**, Respondent's Motion for Summary Judgment (Docket Entry 6) be **GRANTED**, that the Petition (Docket Entry 1) be **DISMISSED**, and that Judgment be entered dismissing this action.

/s/ Joe L. Webster
United States Magistrate Judge

April 14, 2014
Durham, North Carolina